IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SLASH F. CATTLE COMPANY, LLC,

      Plaintiff,

v.   Case No.  23-1197-JWB

AGRIDYNE, LLC, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on several *Daubert* motions by both parties to exclude various expert testimony.  (Doc. 137, 138, 140, 142, 145.)  Only three of the five motions are contested, fully briefed, and ripe for decision.[1]  (Docs. 140, 142, 145, 150, 152, 153, 154, 156, 157.)  The remaining two uncontested motions are Plaintiff's motion to exclude: 1) the opinions of non-retained experts Patrick M. Collins, Rod Hartzold, Josh Glick, Randy Peterson, Ray Panting, and Danielle Drapper, and 2) the opinions of retained expert Randy Royle.  (Docs. 137, 138.)

Regarding the uncontested motions, Plaintiff argues that Defendants' non-retained experts lack sufficient qualifications to opine on the conclusions they intend to offer, and that they are subject to the same *Daubert* standards as retained witnesses.  *Yeager v. Buxton*, No. 17-2368-KGG, 2018 WL 4620884, at *5 (D. Kan. Sept. 26, 2018).  Additionally, Plaintiff argues that Dr. Randy

---

[1] The District of Kansas has local rule 7.1(c) which states motions to which no Reponses are filed will be granted as uncontested:

> **Responses and Replies to Motions**. A party opposing a motion must file a response, and the moving party may file a reply within the time provided in D. Kan. Rule 6.1(d). If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

1

Royle lacks sufficient facts and data to opine that Plaintiff's expert was measuring ammonium in the Mix30 feed rather than ammonia.  Under Federal Rule of Evidence 702, it is the proponent of an expert's testimony who bears the burden to establish that the witness is qualified as an expert and that the expert's testimony is admissible under that rule.  In this case, Plaintiff has made a showing that the testimony of Dr. Royle and Defendant's non-retained experts is inadmissible under Rule 702.  Defendants, the proponents of these witnesses, did not file a response, meaning the motions are uncontested.  D. Kan. Rule 7.1(c).  Therefore, the court grants Plaintiff's motion to exclude Defendants' non-retained experts and Dr. Dr. Randy Royle as unopposed.[2]  *Est. of Betty Lou McDermed v. Ford Motor Co.*, No. CV 14-2430-CM, 2016 WL 4128440, at *6 (D. Kan. Aug. 3, 2016).

As for the remaining motions to exclude, the court directs the parties to confer and propose several dates and times where the court can hold a *Daubert* hearing.  If the parties anticipate more than one day being needed for this hearing, any proposed dates and times should be consecutive periods of time.  Parties are directed to send the proposed dates and times to the chambers no later than close of business Friday, October 31, 2025.

IT IS SO ORDERED.  Dated this 28th day of October, 2025.

                                                       s/ John W. Broomes
                                                       JOHN W. BROOMES
                                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court notes that Defendants' non-retained experts can still be called as fact or lay witnesses to speak to relevant matters within the scope of Federal Rule of Evidence 701.