IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SLASH F. CATTLE COMPANY, LLC,

        Plaintiff,

v.                                                                    Case No.  23-cv-1197-JWB

AGRIDYNE, LLC, et al.

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion under Federal Rule of Civil Procedure 72(a) and D. Kan. Rule 72.1.4(a) seeking review Magistrate Judge Severson's order denying Plaintiff's motion to file an amended complaint and add punitive damages.  (Doc. 130.)[1]  The motion is denied for the reasons stated herein.

**I.**     **Facts**

The relevant facts have already been laid out in Magistrate Judge Severson's order that serves as the basis for the present motion (Doc. 129), but the court will briefly repeat them here. This case centers on the product known as Mix 30, a liquid cattle protein supplement created and marketed by Defendants, which Plaintiff claims caused extensive injury and death to Plaintiff's cattle herd due to high levels of toxic ammonia.  (Doc. 1-1.)  Plaintiff initially filed this case in Kansas state courts in June 2023, and Defendants removed to this court in September 2023. Plaintiff asserts claims for negligence, breach of warranties, strict liability, fraud, and negligent

---

[1] Defendants did not file a response to the motion, even though they are allowed to do so under Rule 72(a).  *See Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, at *4 (D. Kan. Aug. 24, 2018) (citing Fed. R. Civ. P. 72, 1983 advisory committee's notes for subdivision (a)).  However, Plaintiff still has the burden to prove the objection should be sustained even if Defendants did not file a response.

1

misrepresentation. This state court petition did not include a claim for punitive damages. (Doc. 1-1.)

Since removal, this case has been actively advanced towards final disposition, with numerous filings by both parties. The initial scheduling order was filed on November 6, 2023, and that order set the amendment deadline as December 22, 2023. (Doc. 18.) This date was later extended to February 21, 2024. During a deposition of a corporate representative in February 2024, Plaintiff allegedly uncovered evidence that Defendants have no formula for Mix 30, that they have a history of reactive loads in the manufacturing of Mix 30, and that the Mix 30 manufacturing processes allegedly violated statutory feed requirements.[2] (Doc. 112.) Plaintiffs then proceeded to conduct 13 months of discovery related to these facts, including an inspection of Defendants' Holcomb, Kansas plant, testing of samples taken from the plant, deposing the Holcomb plant manager, and subpoenaing documents from Stafford County Flour Mill (which was Defendants' supplier of Mix 30). (*Id*.) During this time, Plaintiff moved to amend the scheduling order to revise deadlines and reset the motion to amend deadlines in May 2024. (Doc. 48.) Although Magistrate Judge Severson extended the discovery and other deadlines in the order, she did not extend the motion to amend deadline, telling Plaintiff instead to file a motion under Rule 15 and Rule 16 instead. (Docs. 51, 52, 53.)

Rather than move to amend its complaint, Plaintiff continued to conduct additional discovery regarding reactive loads into spring 2025. This included Rule 30(b)(6) depositions of both Stafford County Flour Mill and Defendants' corporate representatives. (Doc. 112.) During

---

[2] According to Plaintiff's factual contentions in the pretrial order, Defendants create the Mix 30 product in giant vats by dumping the ingredients of the day on top of the remnants of the previous day's ingredients until their sample testing reveals that the contents of the tank have achieved 10% crude fat and 16% crude protein. (Doc. 135 at 9.) This process allegedly creates ammonia gas, and at certain times, the amount of built-up gas pressure blew lids off delivery tanks and caused product to spill out of storage tanks. (*Id*. at 10.) These high-ammonia content batches are called "reactive loads." The court takes notice of these allegations using the facts in the pretrial order merely to define the term "reactive loads" and for purposes of clarity in the record.

this period, Plaintiff tried a second time to change the motion-to-amend deadline in January 2025, almost one year removed from the passing of the initial deadline. (Doc. 82.) Magistrate Judge Severson once again denied this motion, giving the same instructions to Plaintiff to file a motion to amend its complaint under Rule 15 and Rule 16. (Docs. 83, 84.) Instead of heeding the advice of the magistrate judge, Plaintiff finished its discovery related to reactive loads, and waited until May 9, 2025, to finally file its motion to amend the complaint under Rule 15 and Rule 16. (Doc. 112.) By this time, over 15 months had passed since the expiration of the initial motion-to-amend deadline, and the motion was 12 months removed and three and a half months removed from the court's multiple instructions to file a motion to amend respectively.

Given that Plaintiff had twice failed to comply with Magistrate Judge Severson's instructions, she denied the motion to amend the complaint on June 18, 2025. (Doc. 129.) In her order, Magistrate Judge Severson held that Plaintiff failed to show good cause to amend its complaint under Rule 16 and that the delay in waiting to file the motion was an undue delay under Rule 15. (*Id.*) In so holding, Magistrate Judge Severson factually found that Plaintiff "clearly had information to support amending its Complaint to include a claim for punitive damages" for months prior to making a motion to amend under Rule 15 and Rule 16, and thus Plaintiff had failed to move for amendment in a timely matter. (*Id.* at 12–13.) Plaintiff filed the present motion for review of Magistrate Judge Severson's order under Rule 72 fourteen days later, arguing that "Magistrate Judge Severson's ruling was clearly erroneous" (Doc. 130 at 1) and that her "denial of leave to amend under these circumstances is a drastic and unwarranted sanction." (*Id*. at 7.)

While the motion for review was pending, the court entered the relevant Pretrial Order for this case on July 29, 2025. (Doc. 135.) This order not only included the relevant claims and deadlines for moving the case to trial, but also included Plaintiff's factual contentions which

3

included the new facts which Plaintiff sought to add to its complaint in the motion to amend. (*Id*. at 4–13.) Additionally, since the motion for review was still pending before this court, the Pretrial Order contains an additional Section 6 noting that the motion for review was still pending. (*Id*. at 27–28.)

## II.     Standard

Under Fed. R. Civ. P. 72(a), the district court "must consider timely objections [to a magistrate judge's nondispositive order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard requires this court to affirm any factual determination by the magistrate judge unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been made. *Hale v. Emporia State Univ.*, No. 16-4182-DDC, 2018 WL 1609552, *1 (D. Kan. Apr. 3, 2018) (citation omitted). A magistrate judge's order is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id*. A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

## III.    Analysis

Plaintiff argues that Magistrate Judge Severson erred in denying it the right to amend the complaint under either Federal Rule of Civil Procedure 16 or Rule 15 to include a claim for punitive damages almost 15 months after the amendment deadline in this case had passed. As an initial consideration, the court must first determine whether Magistrate Judge Severson's order denying Plaintiff's motion to amend is a dispositive one. Plaintiff argues in the legal standard section of its motion that Magistrate Judge Severson's order was dispositive (since it de facto

4

removed a claim for punitive damages) and therefore should be evaluated under Rule 72(b) (Doc. 130 at 2–3.) However, all of Plaintiff's substantive arguments in the motion relate to the "clearly erroneous" standard of law used to evaluate orders under Rule 72(a). Thus, the court will evaluate the objection to Magistrate Judge Severson's order under Rule 72(a), since that was the argument advanced, and the court is reluctant to *sua sponte* address issues not argued by the parties. Nevertheless, the court notes that the undersigned has previously expressed disagreement with his colleagues in the District of Kansas and has held that punitive damages are not special damages which require a plaintiff to amend their complaint. *See Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154 (D. Kan. Aug. 24, 2018). Federal procedure differs from Kansas state procedure regarding amending complaints to add punitive damages. *Cf.* K.S.A. § 60-3703; *Walters v. Dollar Gen. Corp.*, No. 19-1010-EFM, 2019 WL 5787954, at *3 (D. Kan. Nov. 6, 2019) ("It is well established in this district that K.S.A. § 60–3703 is purely procedural and does not apply in federal court.") (citation omitted). Thus, Magistrate Judge Severson's order which denied Plaintiff the right to amend the complaint and add punitive damages is not a dispositive ruling as contended by Plaintiff.

Since Magistrate Judge Severson's order was not dispositive, the court reviews the order for clear error.[3] It is true that "[l]ateness does not of itself justify the denial of [an] amendment." *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir.1975). However, the Tenth Circuit has held that "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal citation omitted). Additionally, the court must accept the factual determination by

---

[3] Insofar as Magistrate Judge Severson's order could alternatively be construed as dispositive and Plaintiff's motion for review would therefore be brought under Rule 72(b), the court notes that the outcome described *infra* would be the same under the de novo standard.

Magistrate Judge Severson that the information which served as the basis for the motion to amend to add punitive damages "was available to Plaintiff long before the [motion to amend] was filed." (Doc. 129 at 7.)  This conclusion of law was also admitted by Plaintiff in the briefing to the present motion for review.  In arguing that good cause exists for amendment under Rule 16(b)(4), Plaintiff argues that it "first learned of Defendants' lack of a formula for Mix 30, their deficient manufacturing processes, and history of reactive loads of Mix 30 during the February 19-21, 2024 depositions of Defendants' corporate representative and other defense witnesses, concurrent with the February 21, 2024 motion to amend deadline." (Doc. 130 at 4.)  This is an important factual finding, because federal courts do not require an evidentiary showing to raise a claim for punitive damages.  *Est. of Ferrell by & Through Ferrell v. KB Custom Ag Servs. LLC*, No. 23-CV-2384-TC-TJJ, 2024 WL 3890144, at *3 (D. Kan. Aug. 20, 2024).  When a Plaintiff is aware of information which could give rise to punitive damages and then waits months to move to amend the complaint, this can constitute undue delay.  *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998).  As such, given that Plaintiff waited over a year to amend the complaint in this case, the court does not find clear error in Magistrate Judge Severson's order.  Thus, Plaintiff's motion for review under Rule 72(a) must be denied.

Plaintiff's contention that Defendants' alleged untimely document production and other postponements delayed discovery necessary for filing a motion to amend are likewise unpersuasive.  Plaintiff may be correct that discovery was delayed in this case due to Defendants' actions; however, Magistrate Judge Severson has extended discovery deadlines several times in this case to accommodate necessary developments.  (See Docs. 45, 53, 67, 86.)  Additionally, as noted above, Plaintiff waited to file the motion to amend until after Plaintiff had functionally completed discovery on punitive damages throughout 2024 and into early 2025.  This is not the

6

procedure in federal courts.

Moreover, perhaps most importantly, Plaintiff has not been prejudiced by the denial of the motion to amend. The undersigned has previously concluded that punitive damages are not special damages under Rule 9, and thus, they do not need to be pled in the complaint. *Holick v. Burkhart*, No. 16-1188-JWB-KGG, 2018 WL 4052154, at *7 (D. Kan. Aug. 24, 2018) (holding that punitive damage are not special damages for purposes of Rule 9(g)). Hence, punitive damages can be added to a case at the pretrial order stage without having pled them in the underlying complaint. *See id*. at 5-7 (concluding that Rule 9(g) does not require that punitive damages be expressly pled and that Rule 54(c) indicates a party should receive all relief to which it is entitled, whether or not demanded in the pleadings, so long as allegations in the pleadings would support such relief). This is because the pretrial order controls the course of the action after it is filed. Fed. R. Civ. Pro. 16(d). *See also Clean Harbors, Inc. v. CBS Corp.*, 875 F. Supp. 2d 1311, 1317 (D. Kan. 2012). However, courts can amend the pretrial order at the court's "sound discretion." *Id*.

In this case, the parties filed the Pretrial Order on July 29, 2025, and in Section 6 of this pretrial order, Plaintiff noted that the motion for review was pending regarding amending the complaint to add punitive damages. (Doc 135 at 27–28.) The court is to liberally construe pretrial orders "to cover any of the legal or factual theories that might be embraced by their language." *Koch v. Koch Indus., Inc.*, 179 F.R.D. 591, 596 (D. Kan. 1998) (citing *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 818 (10th Cir. 1979)). Additionally, Plaintiff included in the Pretrial Order the relevant facts which it had proposed to add through an amended complaint, and these facts can plausibly give rise to punitive damages under the fraud claims.[4] Accordingly, the court construes

---

[4] The court notes that punitive damages in Kansas require that a defendant "act[] with willful or wanton conduct, fraud, or malice." *Trendel v. Rogers*, 24 Kan. App. 2d 938, 941, 955 P.2d 150, 153 (1998). In the Pretrial Order here, the only claims which raise a colorable claim of this kind of behavior are the claims for Fraud and Fraud by Silence

Section 6 in the Pretrial Order as functionally preserving the punitive damages issue and instructs Plaintiff to submit an amended pretrial order which includes an amount for the punitive damages sought in the relief requested section.

## IV.     Conclusion

Therefore, Plaintiff's motion seeking review Magistrate Judge Severson's order denying Plaintiff's motion to file an amended complaint under Rule 72(a) (Doc. 130) is DENIED.  Plaintiff is directed to send a proposed amended pretrial order that complies with the procedures in D. Kan. Rule 16.2 to the undersigned's chambers no later than December 22, 2025.

IT IS SO ORDERED.  Dated this 15th day of December, 2025.

                                            __s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE

---

(claim vii) and Negligent Misrepresentation (claim viii).  "As such, claims, issues, defenses, or theories of damages not included in the pretrial order are waived[.]"  *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).